UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GEORGE CARDOVA,                                    :
                                                   :
                          Plaintiff,               :
                                                   :
           -against-                               :
                                                   :
THOMAS T. LAVALLEY,                                :
                                                   :
                          Defendant.               :
-------------------------------------------------------------X

**DECISION & ORDER**
13-cv-1976 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge**

Before the Court is a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 by
Petitioner George Cardova, a.k.a. Hector Pina ("Petitioner"). Petitioner seeks federal habeas
relief based on five grounds: (1) Petitioner's due process rights were violated when the Supreme
Court of Queens County, New York refused to suppress evidence of suggestive show-up
identification, (2) Petitioner's due process right to a fair trial was violated by the prosecutor's
conduct during summation, (3) Petitioner's sentence as a persistent violent felony offender
violated his due process rights and was harsh and excessive (4) ineffective assistance of trial
counsel, and (5) ineffective assistance of appellate counsel. For the reasons discussed below, the
petition for the writ of *habeas corpus* is DENIED in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 26, 2006, Petitioner unlawfully entered the home of Miguel Simbana with

the intent to commit a crime therein ("Incident One"). Dkt. 8, Affirmation in Opposition to

Petition for a Writ of Habeas Corpus ("Affirmation") at 2. On September 7, 2007, Petitioner,

acting in concert with co-defendant Carlos Dajer, entered a home located at 61-42 172nd St.,

Flushing, New York, by knocking the screen from the window and bending the screen ("Incident

Two"). *Id.* Minutes after fleeing, Petitioner and Mr. Dajer were stopped by police as they were

about to enter a car about four blocks from the scene of the crime. *Id.* Police recovered a pair of

black gloves from each of their back pockets. *Id.* at 2-3. Police also recovered two ski masks,

two crow bars, two walkie-talkies, and a police scanner from the trunk of the car. *Id.* at 3.

Melissa Chan, a neighbor who observed Petitioner jump from the window and who saw Mr. Dajer run across the lawn, positively identified them as the two people she had seen fleeing the scene. *Id.* at 2.

Based on the foregoing, Petitioner was charged with Burglary in the Second Degree under New York Penal Law ("NYPL") § 140.25[2], Grand Larceny in the Fourth Degree under NYPL § 155.30[1], Criminal Mischief in the Fourth Degree under NYPL § 145.00[1], and Possession of Burglars Tools under NYPL § 140.35 for Incident One. *Id.* at 3. For Incident Two, Petitioner was charged with Burglary in the Second Degree under NYPL § 140.25[1], Criminal Mischief in the Fourth Degree under NYPL § 145.00[1], Possession of Burglars Tools under NYPL § 140.35, and Unlawful Possession of a Radio Device under NYPL §140.40. *Id.*

Following the denial of Petitioner's motion to suppress the identification testimony as well as the property recovered upon his arrest from Incident Two, Petitioner proceeded to a jury trial for Incident Two before Justice Barry Kron, Supreme Court, Queens County. *Id.* At the conclusion of trial, Petitioner was convicted of Burglary in the Second Degree and Criminal Mischief in the Fourth Degree. *Id.* Petitioner was found not guilty on the remaining charges stemming from Incident Two. *Id.* at n. 2. On May 13, 2009, Petitioner was sentenced as a persistent violent felony offender to concurrent prison terms of twenty three years to life and one year. *Id.* at 4.

On May 18, 2009, Petitioner pled guilty to Burglary in the Second Degree in full satisfaction of Incident One. *Id.* On May 28, 2009, Petitioner was sentenced to a prison term of twenty-three years to life on the charge arising out of Incident One, to run concurrently with his sentences arising out of Incident Two. *Id.*

In September 2010, Petitioner, represented by counsel, filed a direct appeal to the Appellate Division, Second Department (the "Appellate Division") raising three claims: (1) the identification procedure was unduly suggestive, (2) the prosecution's summation comments were unfair and deprived him of a fair trial, and (3) the persistent violent offender statute is unconstitutional because it allowed him to receive an enhanced sentence based upon facts not found by a jury, and that the sentence was harsh and excessive. *Id.* In June 2011, Petitioner, *pro se*, filed a supplemental brief arguing that he was denied effective assistance of trial counsel because trial counsel failed to obtain Petitioner's cell phone records, failed to argue that the police lacked sufficient cause to stop and arrest Petitioner or to re-open the *Wade* hearing[1] based upon evidence adduced at trial, and failed to move to re-open the *Mapp* hearing[2]. *Id.* at 5.

In an opinion dated October 25, 2011, the Appellate Division modified Petitioner's sentence by reducing the concurrent indeterminate terms of imprisonment for the Burglary in the Second Degree charges for both Incident One and Two from twenty-three years to life to eighteen years to life. *Id.*; *see also People v. Cardova*, 88 A.D.3d 1008 (2d Dep't 2011). As so modified, the judgment was then affirmed. *Id.* In the unanimous decision, the Appellate Division held "[t]he [Petitioner's] contention that the showup identification procedure was unduly suggestive is without merit[.]" *Cardova*, 88 A.D.3d at 1008 (citations omitted). The Appellate Division also found Petitioner's "contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review, as

---

[1] *U.S. v. Wade*, 388 U.S. 218, 232 (1967). A *Wade* hearing is held to determine if a witness's identification is tainted by unduly suggestive identification procedures. *See, e.g., Maldonado v. Burge*, 697 F. Supp. 2d 516, 521, 529-31 (S.D.N.Y. 2010) (Holwell, J.).
[2] *Mapp v. Ohio*, 367 U.S. 643 (1961). "A *Mapp* hearing is called for when the defendant alleges that physical evidence sought to be used against him or her was obtained illegally by law enforcement officers and is inadmissible at trial." *Montgomery v. Wood*, 727 F. Supp. 2d 171, 186 (W.D.N.Y. 2010) (Blanchini, Mag. J.); *see also Jones v. LaValley*, 11-CV-6178, 2014 WL 1377589, at *22 (S.D.N.Y. Apr. 3, 2014) (Peck, Mag. J.).

the [Petitioner] either failed to object to the comments or made only general objections, and did not request further curative instructions or move for a mistrial. In any event, the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to defense counsel's summation." *Id.* at 1009 (internal citations omitted). Furthermore, the Appellate Division held Petitioner "failed to preserve for appellate review his argument that the persistent violent felony offender sentencing scheme . . . violates the principles articulated by the United States Supreme Court[.] In any event, the argument is without merit." *Id.* (internal citations omitted). Lastly, the Appellate Division found "[t]he contention raised in the [Petitioner's] *pro se* supplemental brief, that he was deprived of the effective assistance of counsel, is without merit[.]" *Id.* (internal citations omitted) (emphasis added). Petitioner thereafter sought leave to appeal the Appellate Division's decision to the New York Court of Appeals. Affirmation at 6. Leave was denied on January 10, 2012. *Id.*; *see also People v. Cardova*, 18 N.Y.3d 882 (2012).

On May 15, 2012, Petitioner, *pro se*, submitted a petition for writ of error *coram nobis* arguing he was denied effective assistance of appellate counsel because appellate counsel did not argue that Petitioner was denied effective assistance of trial counsel for trial counsel's (1) failure to object to the admission of the 911 tape as a prior inconsistent statement, (2) failure to object to the trial court's alleged violation of the dictates of Criminal Procedure Law ("CPL") § 270.15[1], and (3) failure to move for a trial order of dismissal based upon the alleged insufficiency of the evidence. Affirmation at 6. By order dated September 26, 2012, Petitioner's application for a writ of error *coram nobis* was denied because Petitioner "has failed to establish that he was denied the effective assistance of counsel." *People v. Cardova*, 98 A.D.3d 1133 (2d Dep't 2012)

(internal citations omitted). Petitioner's application for leave to appeal to the Court of Appeals was denied on January 17, 2013. *People v. Cardova*, 20 N.Y.3d 1009 (2013).

On April 4, 2013, Petitioner filed his *pro se* petition for writ of *habeas corpus* in this Court. Dkt. 1, Petition for Writ of *Habeas Corpus* ("Petition"). Petitioner seeks federal habeas relief on five grounds: (1) Petitioner's due process rights were violated when the state trial court refused to suppress evidence of suggestive show-up identification, (2) Petitioner's due process right to a fair trial was violated by the prosecutor's conduct during summation, (3) Petitioner's sentence as a persistent violent felony offender violated his due process rights and was harsh and excessive, (4) ineffective assistance of trial counsel, and (5) ineffective assistance of appellate counsel. *Id.* at PDF 16-59. The Court will address each issue in turn.

## DISCUSSION

### I.      Legal Standard

The Court's review of the Petition is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. A federal habeas court may only consider whether a person is in custody pursuant to a state court judgment "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA requires federal courts to apply a "highly deferential standard" when conducting *habeas corpus* review of state court decisions and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted). For the reasons discussed below, the Court denies the petition for the writ of *habeas corpus* in its entirety.

## II. Analysis

### A. The Show-Up Identification Was Not Unduly Suggestive

Petitioner argues he is entitled to federal habeas relief because "his right to due process . . . was violated by the hearing [state] [c]ourt's refusal to suppress a very suggestive police show-up identification procedure because the only reason the witness identified Petitioner was because Petitioner was in handcuffs standing next to a suspect, and surrounded by multiple Police Officers, rendering the procedure highly unconstitutional and suggestive." Petition at PDF 16. Petitioner's argument is unavailing.

A petitioner is entitled to *habeas corpus* relief only if he can show the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). "For the purposes of federal habeas review, 'clearly established law' is defined as 'the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state court decision.'" *Davis v. Racette*, 11-CV-5557, 2015 WL 1782558, at *3 (E.D.N.Y. Apr. 21, 2015) (Brodie, J.) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "A state court decision is 'contrary to,' or an 'unreasonable application of,' clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different [from] that reached by the Supreme Court on 'materially indistinguishable' facts; or (3) identifies the correct governing legal rule, but unreasonably applies it to the facts of the petitioner's case." *Id.* (quoting *Williams*, 529 U.S. at 412-13 and citing *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011)). To establish that a state court's decision constitutes an unreasonable application of the law, the state court decision must be

6

"more than incorrect or erroneous[,]" it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

Additionally, "[i]n federal habeas review, the question of whether an out-of-court identification procedure is so suggestive that it violates a [petitioner's] due process rights is a mixed question of law and fact. Under 28 U.S.C. § 2254(e), the findings of fact which underlie the state court's conclusion are entitled to the statutory presumption of correctness by the reviewing federal habeas court. Unless rebutted by clear and convincing evidence, the habeas court must accept the facts found by the state court as true." *Sanford v. Burge*, 334 F. Supp. 2d 289, 301 (E.D.N.Y. 2004) (Gershon, J.) (adopting Report and Recommendation of Magistrate Judge Marilyn D. Go) (citations omitted).

In this case, Plaintiff's argument fails because he does not show the state court's refusal to suppress the show-up identification constituted an unreasonable application of clearly established federal law. Under well-established federal law, admission of identification testimony violates a petitioner's right to due process when it is based on police procedures that create a "very substantial likelihood of irreparable misidentification" and the "totality of the circumstances" indicates the identification is not independently reliable. *Brisco v. Ercole*, 565 F.3d 80, 88-89 (2d Cir. 2009) (internal citation and quotation marks omitted). To determine whether the identification testimony is admissible, the Supreme Court has established a two-step inquiry. "The court first asks whether the out-of-court identification process was unduly suggestive. If it was, the court may nonetheless admit the identification testimony if it determines the identification to be independently reliable. The factors a court will consider in assessing reliability include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the

criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *McBride v. Senkowski*, 98-CV-8663, 2002 WL 523275, at *5 (S.D.N.Y. Apr. 8, 2002) (Mukasey, J) (adopting Report and Recommendation of Magistrate Judge Theodore H. Katz) (citing *Manson v. Brathwaite*, 432 U.S. 98, 110-14 (1977) and *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972)) (internal quotation marks omitted).

Courts have noted that although "[t]he so-called show-up procedure has been characterized by an authoritative treatise on criminal law as the most grossly suggestive identification procedure now or ever used by the police[,] . . . the show-up procedure violates due process only if it is the product of an unnecessarily suggestive procedure." *Bratcher v. McCray*, 419 F. Supp. 2d 352, 358 (W.D.N.Y. 2006) (Bianchini, Mag. J.) (internal quotation marks and citations omitted). Where exigent circumstances exist, such circumstances "weigh[] in favor of finding that a show-up was not unnecessarily suggestive [because] such a procedure may be necessary to quickly confirm the identity of a suspect . . . [f]or this reason, courts have admitted identification evidence from show-ups held in close temporal and geographic proximity to the crime scene." *Id.* (citations omitted).

Here, Plaintiff argues that the show-up identification was unduly suggestive because the show-up identification occurred when Petitioner was in handcuffs, surrounded by police officers, and standing next to his co-defendant, Mr. Dajer, who was also wearing a pink shirt. Petition at PDF 16-17. However, show-up procedures are not rendered unduly suggestive as a matter of law merely because a defendant is handcuffed and surrounded by police. *See United States v. Bautista*, 23 F.3d 726, 730 (2d Cir. 1994) ("The fact that the suspects were handcuffed, in the custody of law enforcement officers, and illuminated by flashlights also did not render the pre-trial identification procedure unnecessarily suggestive.").

8

Moreover, the show-up identification procedure was conducted in relatively close temporal and geographic proximity to the crime. Officers responded to a 911 call placed by Ms. Chan who reported suspicious activity of two males around 61-46 172nd St., Flushing, New York. Dkt. 5 ("State Court Record") at PDF 58. Within a minute, the officers arrived at the scene and met Ms. Chan. *Id.* at 58-59. The officers asked Ms. Chan what she saw and asked for a description of the two perpetrators. *Id.* at PDF 60. Within a few minutes, the officers received a radio transmission from another officer who reported he had stopped two males: Petitioner and Mr. Dajer. *Id.* at PDF 61. A minute after that, the officers and Ms. Chan went to the location where Petitioner and Mr. Dajer had been stopped. *Id.* Upon arriving at the location, Ms. Chan immediately identified Petitioner and Mr. Dajer as the perpetrators who she saw fleeing the residence. *Id.* at PDF 62. Because the show-up identification occurred in close proximity in space and time, it was not unduly suggestive. As such, no further inquiry is necessary to determine whether the identification was independently reliable. *See Raheem v. Kelly*, 257 F.3d 122, 133 (2d Cir. 2001).

Therefore, the state court's decision that the show-up identification was not unduly suggestive is entitled to deference because it was not contrary to, or an unreasonable application of, Supreme Court precedent. It should be noted that Petitioner's argument must also fail because he has not presented clear and convincing to rebut the state court's decision. *See* 28 U.S.C. § 2254(e). Accordingly, Petitioner's claim for relief on this ground must be dismissed.

## B. Petitioner's Due Process Right to a Fair Trial Claim is Procedurally Barred

Petitioner argues he was denied his due process right to a fair trial because of the prosecutor's "pervasive misconduct in summation, including disparaging the defense, expressing her personal belief in petitioner's guilt, and asking the jury to conduct an experiment in the jury

room." Petition at PDF 18. However, Petitioner's argument is without merit because it is procedurally barred from the Court's review by an adequate and independent state law ground.

Federal courts are procedurally barred from considering a state court judgment that fairly "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citations omitted). "A state procedural bar qualifies as an independent and adequate state law ground if the last state court rendering a judgment in the case clearly and expressly stated that its judgment rested on a state procedural bar." *Swail v. Hunt*, 742 F. Supp. 2d 352, 358 (W.D.N.Y. 2010) (Bianchini, Mag. J.) (internal quotation marks, citations, and alterations omitted). The Second Circuit has also established that "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate ground, even where the state court has also ruled in the alternative on the merits of the federal claim." *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir.1990). Specifically, "[e]ven where the state court has ruled on the merits of a federal claim in the alternative, federal habeas review is foreclosed where the state court has also expressly relied on the petitioner's procedural default." *Murden v. Artuz*, 497 F.3d 178, 191 (2d Cir. 2007) (internal quotation marks and citation omitted). As such, "federal habeas review is precluded as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision." *Velasquez*, 898 F.2d at 9 (internal quotation marks and citation omitted). A state court decision is adequate where if "it is firmly established and regularly followed." *Swail*, 742 F. Supp. 2d at 358 (internal quotation marks and citation omitted).

In this case, Petitioner challenged the conduct of the prosecutor before the Appellate Division. In its unanimous decision, the Appellate Division held Petitioner's "contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is

unpreserved for appellate review, as the [Petitioner] either failed to object to the comments or made only general objections, and did not request further curative instructions or move for a mistrial. In any event, the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to defense counsel's summation." *Cardova*, 88 A.D.3d at 1009 (internal citations omitted). Specifically, the Appellate Division found Petitioner failed to comply with New York's contemporaneous objection rule pursuant to New York Criminal Procedure Law ("NYCPL") § 470.05[2]. *Id.* When Petitioner sought leave to appeal this decision, the New York Court of Appeals denied Petitioner's request. *Cardova*, 18 N.Y.3d at 882.

Based on the foregoing, although the Appellate Division briefly discussed the merits of Petitioner's claim, its decision also clearly stated a state procedural ground for default – failure to comply with NYCPL § 470.05[2]. As such, this Court is foreclosed from reviewing the state court decision because the Appellate Division "also expressly relied on [Petitioner's] procedural default." *Murden*, 497 F.3d at 191 (internal quotation marks and citation omitted); *see also Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir. 1996) (habeas review precluded where Appellate Division clearly stated petitioner had failed to object to prosecutor's comments and failed to preserve the record even though Appellate Division also went on to discuss the due process merits of the claim). Moreover, because the New York Court of Appeals decision denying leave to appeal was silent, the Appellate Division was the last state court which rendered a judgment in the case, clearly and expressly stating its judgment rested on a state procedural ground. Because the Appellate Division's decision "fairly appears to rest primarily on state law" habeas review by this Court is precluded. *Coleman*, 501 U.S. at 740 (internal quotation marks and citations omitted).

Nonetheless, "[e]ven though a constitutional claim is procedurally barred from federal review, [a petitioner] may obtain review of his claim on the merits if he shows that equity demands it." *Murden*, 497 F.3d at 194 (citing *Dretke v. Haley*, 541 U.S. 386, 393 (2004)). To obtain such review, a petitioner must "either demonstrate cause and prejudice for the procedural default, or that the constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." *Id.* (internal quotation marks and citation omitted). Plaintiff has failed to do so. Although Petitioner claims "since defense counsel failed to object to these errors [by the prosecution]" he was deprived a right to a fair trial, Petitioner has failed to demonstrate cause and prejudice for this error. Petition at PDF 23. While Petitioner previously raised a claim for ineffective assistance of trial counsel in his *pro se* supplemental brief submitted to the Appellate Division, Petitioner never argued that trial counsel was ineffective for failing to object to statements made by prosecution during summation. Without demonstrating cause and prejudice or that the constitutional violation resulted in the conviction of someone who is innocent, Petitioner's claim on this issue remains procedurally barred. Accordingly, this claim is dismissed.

### C. Petitioner's Challenge to his Adjudication as a Persistent Violent Felony Offender is Procedurally Barred

Petitioner argues that his sentence as "a persistent violent felony offender violated his rights to due process and a jury trial because it relied on facts not found by a jury[.]" Petition at PDF 24. For reasons based on substantially similar grounds as discussed above, Petitioner's argument is procedurally barred.

Here, Petitioner challenged his sentence as a persistent violent felony offender in the Appellate Division. The Appellate Division held "[t]he [Petitioner] failed to preserve for appellate review his argument that the persistent violent felony offender sentencing scheme

under Penal Law § 70.08 violates the principles articulated by the United States Supreme Court .
. . [i]n any event, the argument is without merit." *Cardova*, 88 A.D.3d at 1009 (citing *Apprendi*
*v. New Jersey*, 530 U.S. 466 (2000) and NYCPL § 470.05[2]). Petitioner's request to seek leave
to appeal was denied by the New York Court of Appeals. *Cardova*, 18 N.Y.3d at 882.

Based on the above, it is clear that the Appellate Division's decision was firmly based on
a state procedural ground for default – failure to preserve the argument under NYCPL §
470.05[2]. As such, the Court is foreclosed from reviewing the state court decision. *See*
*Murden*, 497 F.3d at 191. Although the Appellate Division noted that Petitioner's argument was
without merit, the Appellate Division did provide any basis as to why Petitioner's argument was
without merit. Additionally, because the New York Court of Appeals denied leave to appeal
without any explanation, the Appellate Division was the last state court which rendered a
judgment in the case that clearly and expressly stated its judgment rested on a state procedural
ground. Therefore, the Appellate Division's decision "fairly appears to rest primarily on state
law," and habeas review by this Court is precluded. *Coleman*, 501 U.S. at 740 (internal
quotation marks and citations omitted). Petitioner has also failed to present any evidence to
suggest the procedural default was prejudicial or that the constitutional violation likely resulted
in the conviction of one who is actually innocent, for substantially the same reasons as discussed
above. *Murden*, 497 F.3d at 194; *see also supra* section II.B. Accordingly, Petitioner's claim on
this issue must be dismissed.

### D. Petitioner's Challenge to His Sentence as Harsh and Excessive Does Not Present a Federal Question

Petitioner challenged his sentence as harsh and excessive with the Appellate Division.
The Appellate Division modified Petitioner's sentence by reducing the concurrent indeterminate
terms of imprisonment for the Burglary in the Second Degree charges from twenty-three years to

life to eighteen years to life. *Cardova*, 88 A.D.3d at 1008. As so modified, the Appellate Division then affirmed the judgment. *Id.*

Petitioner now challenges the modified sentence arguing that because "[t]his was not a heinous crime, nor [did it] involve[] murder or severe injury . . . an 18 year to life sentence is harsh and excessive[.]" Petition at PDF 27. Petitioner's argument is not cognizable on *habeas* review.

"It is well settled that an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law." *Williams v. Lavalley*, 12-CV-01141, 2014 WL 1572890, at *5 (N.D.N.Y. Apr. 17, 2014) (Singleton, J.) (citing *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir.1992)). Here, the eighteen years to life sentence Petitioner received was within the statutory range prescribed by New York law. Petitioner was convicted of Burglary in the Second Degree, a class C felony. NYPL § 140.25. As a persistent violent felony offender, the minimum sentence for Petitioner's conviction is sixteen years and the maximum is life imprisonment. NYPL § 70.08. Accordingly, Petitioner's challenge to his sentence does not present a cognizable federal question and must be dismissed. *See Congelosi v. Miller*, 611 F. Supp. 2d 274, 316 (W.D.N.Y. 2009) (Siragusa, J.) (adopting Report and Recommendation of Magistrate Judge Victor E. Bianchini); *Betancourt v. Bennett*, 02-CV-3204, 2003 WL 23198756, at *14 (E.D.N.Y. Nov. 7, 2003) (Weinstein, J.);.

### E. Petitioner's Ineffective Assistance of Trial Counsel Claim Fails

Petitioner argues he is entitled to federal habeas relief for ineffective assistance of counsel based on trial counsel's (1) failure to obtain cell phone records that would prove Petitioner's innocence, (2) failure to argue that the police lacked sufficient cause to stop and arrest Petitioner or move to re-open the *Wade* hearing based upon evidence adduced at trial, and

(3) failure to re-open the *Mapp* hearing once the pre-trial judge ruled that the items in the vehicle had no connection to the crime at issue. Petition at PDF 28-38. Petitioner's argument is without merit.

As discussed above, a petitioner is entitled to *habeas corpus* relief only if he can show the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *see also supra* section II.A..

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the relevant federal law governing ineffective assistance of counsel claims. In reviewing a state court's application of the *Strickland* standard, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, [the district court] were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States [D]istrict [C]ourt." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

"Under *Strickland*, in order to prevail on an ineffective-assistance-of-counsel claim, a defendant must meet a two-pronged test: (1) he 'must show that counsel's performance was deficient' . . . and (2) he must show that 'the deficient performance prejudiced the defense[.]'" *Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011) (quoting *Strickland*, 466 U.S. at 687, 690). "It is the accused's 'heavy burden' to demonstrate a constitutional violation under *Strickland*." *Moreno v. Smith*, 06-CV-4602, 2010 WL 2975762, at *15 (E.D.N.Y. July 26, 2010) (Matsumoto, J.) (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)).

Under the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks and citations omitted).

Under the second prong, to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." *Id.* at 694

Here, the Appellate Division rejected Petitioner's claim on the merits. *Cardova*, 88 A.D.3d at 1009. Petitioner thereafter presented his claim to the Court of Appeals, but the Court of Appeals denied Petitioner's leave to appeal. *Cardova*, 20 N.Y.3d at 1009. Upon review of the state court record, there is nothing in the record to suggest the state courts applied *Strickland* unreasonably when rejecting Petitioner's ineffective assistance of counsel claim. *See Harrington*, 562 U.S. at 101. As discussed in detail below, all indications demonstrate that Petitioner received effective assistance of trial counsel throughout each stage of the proceeding.

### 1. Trial Counsel was Not Ineffective For Failure to Obtain Cell Phone Records

Although Petitioner claims that trial counsel was ineffective because of his failure to obtain cell phone records that would prove Petitioner's innocence, Petitioner's argument does not meet the standard set forth by *Strickland*. A review of the record reveals a professionally sound performance by trial counsel who motioned for a suppression hearing and who assisted

Petitioner in being acquitted of two very serious charges – Possession of Burglar Tools and Unlawful Possession of a Radio Device. Moreover, the trial record reveals that trial counsel did consider the cell phone records and advised the court that trial counsel would only use the cell phone records to the extent they were relevant. State Court Record at PDF 117-118. Absent a direct explanation by the Petitioner as to trial counsel's failure to use such records or any evidence to establish that trial counsel's decision was based on improper grounds, Petitioner cannot overcome the presumption of effectiveness. *See Greiner v. Wells*, 417 F.3d 305, 320 (2d Cir. 2005). Furthermore, the record does not establish any prejudice for trial counsel's failure to obtain the cell phone records. While Petitioner claims that "[h]ad the [cell phone] records been obtained[,] it would have shown that [Petitioner] was [nowhere] near the vicinity during the alleged eye witness time of the crime," Petitioner has not provided any evidence to support this argument. Petition at PDF 31. The record to support the Petition is devoid of any cell phone records that could or would have shown that the outcome of Petitioner's trial would have been different but for trial counsel's errors in not obtaining Petitioner's cell phone records. *Strickland*, 466 U.S. at 694. Absent such evidence, Petitioner fails to meet the *Strickland* standard.

### 2. Trial Counsel was Not Ineffective for Failure to Argue Police Lacked Sufficient Cause to Stop and Arrest Petitioner or to Move to Re-Open the *Wade* Hearing

Petitioner's argument that trial counsel was ineffective because of his failure to argue the police lacked sufficient cause to stop and arrest or to move to re-open the *Wade* hearing based upon evidence adduced at trial must also fail because it does not meet the *Strickland* standard. First, it is plausible that trial counsel viewed any attempt to argue the police lacked sufficient cause to stop and arrest Petitioner as futile. *Maldonado v. Burge*, 697 F. Supp. 2d 516, 541 (S.D.N.Y. 2010) ( "The failure to make demonstrably futile arguments cannot constitute

constitutionally ineffective assistance of counsel.") (internal quotation marks and citations omitted). Based on the record in this case, not only did the police have reasonable suspicion to stop and briefly detain Petitioner, but they also had probable cause to arrest Petitioner.

Under New York law, "[r]easonable suspicion represents that quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand[.]" *People v. Woods*, 98 N.Y.2d 627, 628 (2002) (internal quotation marks and citations omitted). Moreover, "[a]n anonymous tip cannot provide reasonable suspicion to justify a seizure, except where that tip contains predictive information— such as information suggestive of criminal behavior—so that the police can test the reliability of the tip." *People v. Moore*, 6 N.Y.3d 496, 499, 847 N.E.2d 1141, 1143 (2006).

Here, the record supports a finding that the police had a reasonable suspicion of criminal activity to briefly detain Petitioner. First, the police officers who detained Petitioner detained him within a matter of minutes because he matched the description they received on their radios. State Court Record at PDF 6-7. Second, the police officers detained Petitioner within a couple blocks of the scene of the crime. *Id.* Lastly, the police officers who detained Petitioner testified that Petitioner was sweating profusely. *Id.* at 8. Given that Petitioner matched the description on the radio, was sweating profusely, and was detained within close temporal and geographic proximity of the crime, the police officers had reasonable suspicion to detain Petitioner. Once Ms. Chan arrived at the scene within minutes and positively identified Petitioner, the police had probable cause to arrest Petitioner. *See supra* Section II; *see also People v. Bittner*, 97 A.D.2d 33, 36 (1983) ( "[P]robable cause exists if the facts and circumstances known to the arresting officer would warrant a reasonable person, who possesses the same expertise as the officer, to

conclude, under the circumstances, that a crime is being or was committed"). Accordingly, Petitioner's ineffective assistance of trial counsel claim on this basis must be dismissed.

Second, with respect to trial counsel's failure to re-open the *Wade* hearing, "[u]nder New York law, the trial court has discretion to reopen a *Wade* hearing if additional pertinent facts are discovered that could not have been discovered with reasonable diligence before the *Wade* determination and that go to the issue of official suggestiveness such that they would materially affect or have affected the earlier *Wade* determination." *Lynn v. Bliden*, 443 F.3d 238, 249 (2d Cir. 2006) (internal quotation marks and citations omitted). Moreover, "[i]n prior habeas cases in which there were claims of ineffective assistance of counsel for failing to request a *Wade* hearing, [the Second Circuit] has demanded some showing of the likelihood for success at the hearing." *Id.* Here, there is nothing in the record to suggest that had the *Wade* hearing been reopened due to new evidence adduced at trial, evidence related to Petitioner's arrest and/or identification would have been suppressed due to improper police procedure. *See, e.g., id.* Furthermore, Petitioner cannot establish he was prejudiced by trial counsel's failure to re-open the *Wade* hearing because, as previously discussed, the show-up identification was not unduly suggestive thereby giving police probable cause to arrest Petitioner. *See supra* section II.A. Accordingly, the state courts did not apply *Strickland* unreasonably when rejecting this part of Petitioner's ineffective assistance of counsel claim. As such, Petitioner's claim on this ground must be dismissed.

### 3. Trial Counsel was Not Ineffective for Failure to Re-Open the *Mapp* Hearing

Petitioner's argument that trial counsel was ineffective because of his failure to re-open the *Mapp* hearing once the pre-trial judge ruled that the items in the vehicle had no connection to the crime fails to meet the standard set forth in *Strickland*. According to Petitioner, trial counsel

advised him that, because he had no standing to challenge the search of the vehicle, there was no need to re-open the *Mapp* hearing. Petition at PDF 39. However, Petitioner claims that trial counsel was ineffective because Petitioner "feels that he did have standing and that he should have been granted a *Mapp* hearing." *Id.* Even assuming Petitioner did have standing to re-open the *Mapp* hearing, Plaintiff has failed to demonstrate he was prejudiced in any way from trial counsel's failure to request a re-opening of the *Mapp* hearing. The items recovered from the vehicle included two ski masks, two crow bars, two walkie-talkies, and a police scanner from the trunk of the car. Affirmation at 3. Nonetheless, trial counsel was able to obtain acquittal of all charges expressly related to the items in the car, including Possession of Burglar's Tools and Unlawful Possession of a Radio Device, and Petitioner was only convicted of Burglary in the Second Degree. Affirmation at 2. Plaintiff has not shown how trial counsel's failure to obtain a re-opening of the *Mapp* hearing, let alone suppression of those items, would have resulted in the outcome of the proceedings being any different. *Strickland*, 466 U.S. at 694. Absent such a showing, Petitioner fails to meet the *Strickland* standard. Based on the foregoing, Petitioner's entire ineffective assistance of trial counsel claim must be dismissed.

### F. Petitioner's Ineffective Assistance of Appellate Counsel Claim Fails

Petitioner also argues he is entitled to federal habeas relief for ineffective assistance of counsel based on appellate counsel's failure to raise ineffective assistance of trial counsel claims for trial counsel's failure to object to the admission of the 911 tape as a prior inconsistent statement, failure to object to the state court violating the mandate of Criminal Procedure Law § 270.15(1), and failure to move for a trial order dismissal based upon the alleged insufficiency of the evidence before the Appellate Division. Petition at PDF 40-59. Petitioner's argument is unavailing.

20

Petitioner's ineffective assistance of appellate counsel claim is also governed by the *Strickland* standard set out above. *See Grady v. Artuz*, 931 F. Supp. 1048, 1061 (S.D.N.Y. 1996) (Koeltl, J.); *see also supra* section II.E. With respect to appellate counsel, *Strickland's* analysis requires Petitioner to "first show that his [appellate] counsel was objectively unreasonable in failing to raise the issue on appeal, and then must show a reasonable probability that, but for his [appellate] counsel's unreasonable failure [to raise the issue], he would have prevailed on his appeal." *Chrysler v. Guiney*, 14 F. Supp. 3d 418, 457 (S.D.N.Y. 2014) (internal quotation marks and citations omitted) (Karas, J) (adopting Report and Recommendation of Magistrate Judge Lisa M. Smith). Under the first prong of *Strickland*, appellate counsel is not obligated to raise every non-frivolous claim; instead, appellate counsel has the discretion to select among the claims at issue to maximize the likelihood of success on appeal. *Id.* at 458. "However, a petitioner may establish constitutionally inadequate performance if he shows that [appellate] counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Id.* (internal quotation marks and citation omitted). Under the second prong of *Strickland*, Petitioner "must demonstrate that there was a reasonable probability that his claim would have been successful before the state's highest court." *Id.* (internal quotation marks and citations omitted).

Upon review of the record, Petitioner has failed to demonstrate that appellate counsel's performance does not meet the *Strickland* standard. While Petitioner argues that appellate counsel was ineffective for the reasons discussed directly above, Petitioner has not met his burden of establishing that appellate counsel pursued issues that were significantly weaker than other issues or that any of the claims Petitioner now asserts would have had a reasonable probability of success before the Appellate Division.

Under the first prong of *Strickland*, appellate counsel effectively represented Petitioner in his appeal, submitting a sixty page brief on behalf of Petitioner. Dkt. 6 ("Appellate Brief"). Appellate counsel's brief carefully lays out the relevant facts related to Petitioner's conviction. *Id.* at PDF 7-29. Based on the relevant facts, appellate counsel argued Petitioner's due process rights were violated when the state court refused to suppress evidence of Ms. Chan's show-up identification, Petitioner was denied the right to a fair trial because of comments made by the prosecutor during summation, and Petitioner's sentence of twenty-three years to life was harsh and excessive. *Id.* at PDF 30-64. Although appellate counsel was unsuccessful in establishing Petitioner's due process rights were violated by the show-up identification and Petitioner was denied the right to a fair trial by the prosecutor's comments during summation, appellate counsel nonetheless successfully persuaded the Appellate Division to reduce Petitioner's sentence from twenty-three years to life to eighteen years to life. *Cardova*, 88 A.D.3d at 1008. Given this successful performance by appellate counsel, it is clear that appellate counsel chose the arguments she believed would have the best likelihood of success on appeal. *Chrysler*, 14 F. Supp. 3d at 458. Moreover, there is no evidence in the record to suggest that appellate counsel pursued weaker claims instead of pursuing stronger claims – this is especially true given that appellate counsel helped secure a lower sentence for Petitioner. Accordingly, Petitioner has failed to establish appellate counsel's representation meets the first prong under *Strickland*. Because Petitioner has failed to meet the first prong under *Strickland*, the Court need not engage in analysis of the second prong under *Strickland*. *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.").

In any event, Petitioner's argument also fails under the second prong of *Strickland* because he has failed to show "there was a reasonable probability that any of his claims would have been successful before the state's highest court." *Chrysler*, 14 F. Supp. 3d at 458. For example, Petitioner claims appellate counsel's failure to present trial counsel's failure to object to the 911 tape submission as a prior inconsistent statement was the "deciding factor between guilt or innocence." Petition at PDF 48. However, the 911 tape was properly admitted under the present sense impression exception to the evidentiary rule against hearsay because Ms. Chan called 911 within minutes after witnessing Petitioner and Mr. Dajer at the scene of the crime. *See* Fed. R. Evid. 803(1). Moreover, the police briefly detained Petitioner and Mr. Dajer within minutes of receiving Ms. Chan's 911 call, and within minutes Ms. Chan positively identified the Petitioner and Mr. Dajer. *See People v. Brown*, 80 N.Y.2d 729, 732-35 (1993). Accordingly, even if trial counsel had objected to the 911 tape as a prior inconsistent statement, the tape still would have come into evidence under the present sense impression exception. Petitioner's remaining claims – appellate counsel's failure to argue trial counsel's failure to object to the state court violating the mandate of Criminal Procedure Law § 270.15(1) and appellate counsel's failure to raise trial counsel's failure to move for a trial order dismissal based upon the alleged insufficiency of the evidence – also suffer from the same deficiency. Petitioner has not provided a single reason as to why these claims would have had a reasonable probability of success before the state's highest court. *Chrysler*, 14 F. Supp. 3d at 458. Based on the above, Petitioner's claim for relief based on ineffective assistance of appellate counsel is dismissed.

## CONCLUSION

Petitioner's petition for a writ of *habeas corpus* is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED**

/S/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 17, 2015
Brooklyn, New York